# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1100V
Filed: February 9, 2017
Not for Publication

*************************************
MARIA CRESPO,                                       \*
on behalf of N.S., a minor child,                   \*
                                                    \*
                        Petitioner,            \*           Damages decision based on
                                                    \*           stipulation; DTaP vaccine;
      v.                                            \*           pneumococcal conjugate ("PC")
                                                    \*           vaccine; transverse myelitis
SECRETARY OF HEALTH                                 \*           ("TM")
AND HUMAN SERVICES,                                 \*
                                                    \*
                        Respondent.            \*
                                                    \*
*************************************

Amber D. Wilson, Washington, DC, for petitioner.
Debra Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

      On January 3, 2017, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms.  Petitioner alleges that her daughter, N.S., suffered transverse myelitis ("TM") caused by her March 1, 2013 receipt of the DTaP and pneumococcal conjugate ("PC") vaccines.  Petitioner further alleges that N.S. suffered the residual effects of this injury for more than six months.  Respondent denies that N.S.'s TM, or

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

any other injury, was caused by her receipt of the DTaP or pneumococcal conjugate vaccines. Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable. The court adopts the parties' stipulation, attached, and awards compensation in the amount and on the terms set forth in the stipulation. Pursuant to the stipulation, the court awards:

a. a lump sum of **$232,549.31** representing compensation for first year life care expenses ($12,549.31), and pain and suffering ($220,000.00). The award shall be in the form of a check payable to petitioner as guardian/conservator of the estate of N.S. for the benefit of N.S[2]; and

b. a lump sum of **$25,000.00** representing compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Maria Crespo; and

c. A lump sum of **$2,971.98**, representing reimbursement of a Medicaid lien for services rendered on behalf of N.S., in the form of a check payable jointly to petitioner and

>   First Recovery Group
>   P.O. Box 771932
>   Detroit, MI 48277-1932
>   Attn: Felicity Solman
>   FRG File No.: 624092-114715

Petitioner agrees to endorse this check to First Recovery Group; and

d. An amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation, paid to the life insurance company from which the annuity will be purchased. The amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

---

[2] Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of N.S.'s estate under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of N.S.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of N.S. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of N. S. upon submission of written documentation of such appointment to the Secretary.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated: February 9, 2017                                       s/ Laura D. Millman
                                                                                   Laura D. Millman
                                                                                   Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARIA CRESPO, <br> on behalf of N.S., a minor child, <br> <br> Petitioner, <br> v. <br> <br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br> <br> Respondent. | No. 15-1100V <br> Special Master Millman |

STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, N.S., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to N.S.'s receipt of the DTaP, MMR, and pneumococcal conjugate ("PC") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. N.S. received the DTaP, Hib, and PC immunizations on March 1, 2013.[1]

3. The vaccines were administered within the United States.

4. Petitioner alleges that N.S. suffered from transverse myelitis ("TM") that was caused in fact by DTaP and PC vaccines, and that she experienced the residual effects of this injury for more than six months.

---

[1] Inclusion of the MMR vaccine in the Petition is an error, and N.S. did not receive an MMR vaccine before the onset of her alleged injury. Petitioner's counsel agrees that this was an error. Additionally, N.S. received a haemophilus influenzae type b ("Hib") vaccine on March 1, 2013, that was not included in the Petition.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of N.S. as a result of her condition.

6. Respondent denies that N.S.'s TM, or any other injury, was caused-in-fact by her DTaP, Hib, and PC vaccinations.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $232,549.31, which amount represents compensation for first year life care expenses ($12,549.31), and pain and suffering ($220,000.00), in the form of a check payable to petitioner as guardian/conservator of the estate of N.S. for the benefit of N.S;

   b. A lump sum of $25,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Maria Crespo;

   c. A lump sum of $2,971.98, which amount represents reimbursement of a Medicaid lien for services rendered on behalf of N.S., in the form of a check payable jointly to petitioner and
   
   First Recovery Group
   P.O. Box 771932
   Detroit, MI 48277-1932
   Attn: Felicity Solman
   FRG File No: 624092-114715

   Petitioner agrees to endorse this check to First Recovery Group.

   d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

2

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of N.S., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner, as the court-appointed guardian/conservator of the estate of N.S., for the following items of compensation:

   a. For future unreimbursable Blue Cross Blue Shield Maximum-out-of-Pocket (Parent's Policy) expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,350.00 to be paid up to the anniversary of the date of judgment in year 2037, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

   b. For future unreimbursable Blue Cross Blue Shield Premium (Parent's Policy) expenses, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $162.59 to be paid up to the anniversary of the date of judgment in year 2037, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

   c. For future unreimbursable Blue Cross Blue Shield Premium expenses, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $5,017.92 to be paid up to the anniversary of the date of judgment in year 2076, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

  d. For future unreimbursable Blue Cross Blue Shield Maximum-out-of-Pocket expenses, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $2,000.00 to be paid up to the anniversary of the date of judgment in year 2076, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

  e. For future unreimbursable Medicare Supplemental Plan C expenses, beginning on the anniversary of the date of judgment in year 2076, an annual amount of $2,268.00 to be paid for the remainder of N.S.'s life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

  f. For future unreimbursable Therapy and Shoe expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,580.10 to be paid up to the anniversary of the date of judgment in year 2030. Thereafter, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $80.10 to be paid for the remainder of N.S.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

  g. For future unreimbursable Hippotherapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,900.00 to be paid up to the anniversary of the date of judgment in year 2023, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

  h. For future unreimbursable Diaper expenses, beginning on the first anniversary of the date of judgment, an annual amount of $719.21 to be paid up to the anniversary of the date of judgment in year 2019. Then, beginning on the anniversary of the date of judgment in year 2019, an annual amount of $359.61 to be paid up to the anniversary of the date of judgment in year 2023, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioner and do not require that the payment be made in one annual installment. The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as N.S. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of N.S.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimburseable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of N.S. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of N.S.'s estate under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of N.S.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of N.S. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of N.S. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of N.S., on behalf of herself, N.S., and N.S.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or

unsuspected personal injuries to or death of N.S. resulting from, or alleged to have resulted from the DTaP, Hib, and PC vaccinations administered on March 1, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about October 1, 2015, in the United States Court of Federal Claims as petition No. 15-1100V.

18. If N.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that N.S.'s TM, or any other injury or condition, was caused in fact by her DTaP, Hib, and PC vaccinations.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of N.S.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

_/s/_____
MARIA CRESPO

ATTORNEY OF RECORD FOR
PETITIONER:

_/s/_____
AMBER D. WILSON, Ph.D., ESQ.
MAGLIO CHRISTOPHER & TOALE
1775 Pennsylvania Ave., NW Suite 225
Washington, DC 20006
Tel: (888) 952-5242

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

_/s/_____
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_/s/_____
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_/s/_____
DEBRA FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4181

Dated: 1/3/2017

9