# In the United States Court of Federal Claims

No. 15-1100V

(E-Filed: June 21, 2018)[1]

|  |  |
|---|---|
| MARIA CRESPO, on behalf of N.S., a minor child, | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) |
| Respondent. | ) ) ) |

Attorneys' Fees and Costs;
Guardianship Costs;
Compliance with State Law.

Amber Diane Wilson, Washington, DC, for petitioner.

Daniel A. Principato, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, C. Salvatore D'Alessio, Acting Director, Catherine E. Reeves, Deputy Director, and Alexis B. Babcock, Assistant Director, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.

OPINION

CAMPBELL-SMITH, Judge.

Before the court is petitioner's motion for review of the special master's decision awarding attorneys' fees and costs, pursuant to the Rules of the United States Court of Federal Claims (RCFC), Appendix B, Vaccine Rule 23. See ECF No. 44. The government has responded. See ECF No. 47. Petitioner has requested oral argument, which the court deems unnecessary. This matter is ripe and ready for a decision by the court. For the following reasons, petitioner's motion is **DENIED**, and the special master's decision of December 5, 2017, is **SUSTAINED**.

---

[1] Pursuant to Rule 18(b) of the Vaccine Rules of the United States Court of Federal Claims (Appendix B to the Rules of the United States Court of Federal Claims), this opinion was initially filed under seal on May 30, 2018. Pursuant to ¶ 4 of the ordering language, the parties were to propose redactions of the information contained therein on or before June 13, 2018. No proposed redactions were submitted to the court.

I.      Background

Petitioner filed the instant matter seeking compensation for injuries suffered by N.S., a minor child, as a result of receiving the DTaP and pneumococcal conjugate vaccinations, pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-1 to -34 (2012) (the Vaccine Act).  See ECF No. 1.  In January 2017, the parties filed a stipulated agreement for compensation in an amount of $232,549.31.  See ECF No. 26.  The agreement contemplated that petitioner would, within 90 days of the entry of judgment, become duly authorized to serve as the guardian or conservator of N.S.'s estate, in accordance with Florida state law.  See id.

In addition to the terms of the agreement, petitioner contends that Florida law requires several protections for settlements involving minors, as summarized below:

(1)     that a guardian ad litem review settlements exceeding $50,000, see Fla. Stat. § 744.3025(1)(b);

(2)     that a guardianship be established for any awards to minors exceeding $15,000, see Fla. Stat. § 744.387(2);

(3)     that an annual accounting of the guardianship account be performed, see Fla. Stat. § 744.3678;

(4)     that a final petition for discharge of the guardianship be filed when the child   reaches the age of majority, see id.; and

(5)     that all guardians be represented by an attorney, see Fla. Probate Rule 5.303(a).

See ECF No. 44 at 6-7.  Petitioner represents that she has complied with the currently applicable laws.  See id. at 7.

Petitioner moved for an award of attorneys' fees and costs, which were awarded by the special master in December 2017.  See ECF No. 42.  Petitioner now objects to two aspects of the special master's decision.  First, petitioner claims that the special master improperly denied attorneys' fees for certain legal research and review of court orders.  See ECF No. 44 at 7.  And second, petitioner argues that the special master erred in denying reimbursement of the costs associated with the guardian ad litem and guardianship required by Florida law.  See id. at 7-8.

II.	Legal Standards

The United States Court of Federal Claims has jurisdiction to review the special master's decision pursuant to 42 U.S.C. § 300aa-12(e)(1). See also Vaccine Rule 23. Following its review, the court may either: (1) uphold the special master's findings of fact and conclusions of law and sustain the special master's decision; (2) set aside some or all of the special master's findings of fact and conclusions of law and issue different findings of fact and conclusions of law; or (3) remand the petition for further action in accordance with the court's direction. See 42 U.S.C. § 300aa-12(e)(2)(A)-(C); see also Vaccine Rule 27.

With regard to compensation, the Vaccine Act provides that: "[i]n awarding compensation on a petition . . . the special master or court shall also award as part of such compensation an amount to cover—(A) reasonable attorneys' fees, and (B) other costs, incurred in any proceeding on such petition." 42 U.S.C. § 300aa-15(e)(1). The court evaluates a special master's decision on fees and costs for abuse of discretion. Hall v. Sec'y of Dep't of Health & Human Servs., 640 F.3d 1351, 1356 (Fed. Cir. 2011). A special master abuses his or her discretion when the decision is:

> (1) . . . clearly unreasonable, arbitrary, or fanciful; (2) . . . based on an erroneous conclusion of the law; (3) . . . clearly erroneous; or (4) the record contains no evidence on which the . . . [special master] rationally could have based his decision.

Murphy v. Sec'y of Dep't of Health & Human Servs., 30 Fed. Cl. 60, 61 (1993) (quoting Hendler v. United States, 952 F.2d 1364, 1380 (Fed. Cir. 1991)). See also Munn v. Sec'y of Dep't of Health & Human Servs., 970 F.2d 863, 870 (1992) (explaining this court owes "great deference" to the fact-findings and fact-based conclusions of the special master); Silva v. Sec'y of Dep't of Health & Human Servs., 108 Fed. Cl. 401, 405 (2012) (stating it is "extremely difficult" to establish the "reversible error" necessary to disturb a special master's decision on fees).

An "abuse of discretion may only be found where 'no reasonable man would take the view adopted by the [special master] . . . .'" Murphy, 30 Fed. Cl. at 62 (quoting PPG Indus., Inc. v. Celanese Polymer Specialties Co., 840 F.2d 1565, 1572 (Fed. Cir. 1988)). The court, however, reviews mistakes of law without deference to the special master's decision. See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1347 (Fed. Cir. 2008) (citing Markovich v. Sec'y of Health & Human Servs., 477 F.3d 1353, 1355-56 (Fed. Cir. 2007)).

3

III. Analysis

Petitioner in this case takes issue with two aspects of the special master's decision on fees and costs. First, petitioner contends that the special master abused her discretion in making certain reductions to petitioner's fee request. And second, petitioner contends that the special master erred as a matter of law in denying costs associated with the establishment of a guardianship in accordance with Florida state law. The court will review each claim in turn.

    A.    The Special Master Did Not Abuse Her Discretion in Reducing Fee Award

In her motion, petitioner argues that the special master erred in reducing by $239 the fees associated with attorney review of certain court orders, see ECF No. 44 at 9-11, and for reducing the award by ten percent for legal research and block-billed entries, see id. at 11-15.

With regard to the first claim, it appears that petitioner objects to the special master's characterization of billing entries for 0.1 hour to "read court order; update case management," which appear after entries indicating that counsel had "review[ed] a one-page court order or schedul[ed] a conference," as administrative in nature. See ECF No. 42 at 5. The special master interpreted these billing entries as accounting for updates to the calendar, rather than substantive legal review of the court's orders. She stated: "[b]eyond the fact that this is clerical work billed at an attorney's rate, the undersigned cannot imagine how it takes 0.1 hours or six minutes to enter a date, or even three dates, on one's calendar. These types of entries are clerical in nature and are not billable time." See id.

As the special master correctly noted in her decision, "[i]t is firmly rooted that billing for clerical and other secretarial work is not permitted in the Vaccine Program." See id. (citing Rochester v. United States, 18 Cl. Ct. 379, 387 (1989); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016)). Given the context of these entries, the court finds that the special master's conclusion that they reflect administrative tasks to be a reasonable one. As such, she did not abuse her discretion in reducing the award accordingly.

Petitioner also claims that the special master inappropriately reduced the fee award by ten percent on certain research tasks and block-billed entries. As an initial matter, the special master noted that she "considers most of the hours included on the billing entry to be reasonable." See ECF No. 42 at 6. Nevertheless, she categorized a number of entries related to Florida state law and fees recovery as counsel's efforts at "educating herself in the law," and therefore "uncompensable." See id. at 6 (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("Hours that are not properly billed to

4

one's client are also not properly billed to one's adversary pursuant to statutory authority.")).

Petitioner acknowledges that courts may reduce fee awards when an attorney bills time for learning the law.  See ECF No. 44 at 12-13.  She argues, however, that the research at issue here was sufficiently case-specific that the fee award should not be discounted.  See id. at 13.  Locating the line between billable and educational, non-billable research is an appropriate exercise of the special master's discretion in awarding fees.  Because the special master applied the correct legal principle and provided a factual basis for her decision to moderately reduce counsel's recovery for research time, she did not abuse her discretion.

Finally, petitioner takes issue with the special master's reduction for block-billed entries.  She argues that "[f]ailing to employ a reasoned analysis of what constitutes block billing, the Fees Decision improperly denied compensation for this work."  Id. at 14.  She continues, "[t]here is no support for a ruling that all multi-hour billing is per se unreasonable block billing and not compensable under § 15(e) [of the Vaccine Act]."  Id.  But the special master made no such categorical ruling.  To the contrary, she found that petitioner's counsel submitted block-billed entries that "made it impossible for the undersigned to determine the amount of time each task took."  ECF No. 42 at 6.  Noting her duty to ensure that requested fees are reasonable, the special master concluded that counsel's billing entries did not contain sufficient detail.  See id.  Here again, the court concludes that the special master appropriately employed her discretion in reducing the fee award due to the lack of specificity in block billing.

      B.      The Special Master Did Not Err in Denying Future Guardianship and Guardian Ad Litem Costs

In addition to making the foregoing reductions, the special master denied petitioner recovery of future costs associated with maintaining a guardianship, and the appointment of a guardian ad litem, as required by Florida state law.  See id. at 8-10.  In doing so, petitioner contends the special master erred as a matter of law.

           1.      Future Guardianship Costs

The special master's decision to deny future costs associated with maintaining the guardianship at issue rests primarily on her conclusion that the requested future costs will not be incurred pursuant to the present proceedings.  "The Vaccine Act limits the amount of 'compensation to cover petitioner's . . . costs' to those 'incurred in any proceeding on [a Vaccine Act] petition.'"  Id. at 9 (citing 42 U.S.C. § 300aa-15(e)(1)).  An expense is "incurred" as part of a vaccine proceeding when the service provided for that expense is "ordered by this court and accomplished as part of the process of providing reasonable compensation to petitioner."  Id. (citing Ceballos v. Sec'y of

5

Health & Human Servs., No. 99-97V, 2004 WL 784910, at *22 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)).

Here, petitioner's duty to maintain the guardianship beyond the present proceedings finds its source not in any order from the special master or any requirement under the Vaccine Act, but rather, in a Florida state law that is not dependent on, or specific to, vaccine actions. See Fla. Stat. § 744.387(2). The special master explained:

> Here, the undersigned's decision awarding damages only recognized the establishment of N.S.'s guardianship, not the maintenance of it, as an essential prerequisite for N.S.'s guardian to receive the award. Petitioner's but for assertion overlooks the criterion distinguishing costs incurred for obtaining authorization as a legal representative, which is required under the Act, to establish a guardianship, which is required at respondent's behest in a stipulation, from those costs incurred for maintaining the guardianship, which is not.

ECF No. 42 at 9. The special master also notes that petitioner's request is deficient because the amount requested is both speculative and inaccurate, seeking fourteen years of future fees and costs despite the fact that the minor child will attain the age of majority in twelve years.

The court agrees with the special master's judgment in this case. Petitioner is not entitled to recover any and all costs that may be incurred in the future, regardless of the reason for the expenditure. The court will not expand the scope of the Vaccine Act to include costs incurred beyond what is required by the special master or the Act itself.

        2.        Guardian Ad Litem Costs

Finally, petitioner claims that she is entitled to recover the costs incurred in connection with the appointment of a guardian ad litem, another requirement under Florida state law. See ECF No. 44 at 12-14. In her decision, the special master stated that the guardian ad litem served "in the Florida state court proceeding to facilitate the appointment of a guardianship process." ECF No. 42 at 10. Specifically, the special master concluded that "[a]lthough the Florida Guardianship Law requires appointment of a guardian ad litem to protect a minor's interests, it was unrelated to the vaccine petition and establishing the biological father as a legal representative of N.S." Id. As such, the fees "were not incurred as part of a 'proceeding on [a Vaccine Act] petition' as the statue requires." Id. (quoting 42 U.S.C. § 300aa-15(e)(1)).

Petitioner argues that the special master mischaracterized the role of the guardian ad litem when she stated that the guardian ad litem facilitated the establishment of a guardianship process. See ECF No. 44 at 16. Instead, petitioner explains, Florida state

6

law requires the appointment of a guardian ad litem to review settlements of claims involving minors when the amount at issue equals or exceeds $50,000.  See id. at 17 (citing Fla. Stat. § 744.3025).  The court acknowledges that the special master's characterization of the guardian ad litem's role was imprecise.  That semantic imprecision notwithstanding, her analysis is correct.  The role of the guardian ad litem was both required by and defined by Florida state law, wholly apart from the requirements of the Vaccine Act.  Because the Vaccine Act compensates parties for the expenditures required under the Act, see 42 U.S.C. § 300aa-15(e)(1)(B), petitioner is not entitled to recover the costs associated with the appointment of the guardian ad litem in this case.

IV.     Conclusion

For the foregoing reasons, the court finds that the special master's reductions to the attorneys' fees award were permissible under the Vaccine Act.  In addition, the court finds that the special master's denial of fees and costs incurred pursuant to Florida state law and unrelated to the requirements of the special master or the Vaccine Act, is a correct interpretation of the law.  Accordingly,

(1) Petitioner's motion for review, filed January 4, 2018, ECF No. 44, is **DENIED**;

(2) The special master's decision, filed December 5, 2017, ECF No. 42, is **SUSTAINED**;

(3) The clerk's office is directed to **ENTER** final judgment in accordance with the special master's decision of December 5, 2017; and

(4) The parties shall separately **FILE** any **proposed redactions** to this opinion, with the text to be redacted clearly marked out or otherwise indicated in brackets, on or before **June 13, 2018**.

IT IS SO ORDERED.

s/Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Judge