# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 15-1100V
Filed: July 5, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARIA CRESPO,      * | |
| on behalf of N.S., a minor child,      * | |
|      * | |
| Petitioner,      * | Attorneys' fees and costs decision; |
|      * | attorney hourly rate; legal research |
| v.      * | fees; excessive billing |
|      * | |
| SECRETARY OF HEALTH      * | |
| AND HUMAN SERVICES,      * | |
|      * | |
| Respondent.      * | |
|      * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Amber D. Wilson, Washington, DC, for petitioner.
Daniel A. Pincipato, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 1, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that her daughter, N.S., suffered from transverse myelitis ("TM") as a result of her March 1, 2013 receipt of DTaP and pneumococcal conjugate ("PC") vaccines.   Pet. at ¶¶ 3, 5.   Petitioner further alleges that N.S. suffered the residual effects of this injury for more than six months.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On September 8, 2017, petitioner filed a motion for attorneys' fees and costs.   On October 13, 2017, respondent filed a response to petitioner's motion for attorneys' fees and costs.   On November 16, 2017, petitioner replied to respondent's response.   On November 17, 2017, petitioner filed a motion for attorneys' supplemental fees and costs.

On December 5, 2017, the undersigned granted petitioner's motions for attorneys' fees and costs but found petitioner's future attorneys' fees and costs to maintain the guardianship and fees and costs associated with the appointment of a guardian ad litem under Florida law not compensable under the Vaccine Act.

On January 4, 2018, petitioner filed a motion for review and the case was reassigned to Judge Patricia E. Campbell-Smith.

On May 30, 2018, Judge Campbell-Smith denied petitioner's motion for review. Judgement entered on May 31, 2018.

On June 28, 2018, petitioner filed an unopposed motion for payment of petitioner's attorneys' supplemental fees and reimbursement of case costs ("supplemental fees motion"). Petitioner requests additional attorneys' fees in the amount of $24,215.00 and additional costs in the amount of $1,185.49 for the unsuccessful motion for review.

On June 29, 2018, Judge Campbell-Smith ordered the undersigned to render a decision on petitioner's supplemental fees motion.

## DISCUSSION

### I.   Legal Standard for Attorneys' Fees and Costs

#### A.  In General

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

### II.   Reasonableness of Requested Attorneys' Fees and Costs

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."   Avera, 515 F.3d 1343, 1348.   This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."   Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349).   For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate

hourly rate range for attorneys' fees based upon the attorneys' experience.   See McCulloch
v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours
reasonably expended on the litigation."   Avera, 515 F.3d at 1348.   Counsel should not include
in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."   Saxton v.
Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424,
434 (1983)).   Counsel must submit fee requests that include contemporaneous and specific
billing entries indicating the task performed, the number of hours expended on the task, and who
performed the task.   See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008).   It is
"well within the special master's discretion to reduce the hours to a number that, in [her]
experience and judgment, [is] reasonable for the work done."   Id.   Furthermore, the special
master may reduce fees *sua sponte*, apart from objections raised by respondent and without
providing petitioners notice and opportunity to respond.   See Sabella v. Sec'y of HHS, 86 Fed.
Cl. 201, 208–09 (Fed. Cl. 2009).   A special master need not engage in a line-by-line analysis of
petitioner's fee application when reducing fees.   Broekelschen v. Sec'y of HHS, 102 Fed. Cl.
719, 729 (Fed. Cl. 2011).

### 1.   Reasonable Hourly Rates

Petitioner requests the following hourly rates:

|                | 2017  | 2018  |
|----------------|-------|-------|
| Amber Wilson   | $308  | $308  |
| Danielle Strait| $320  | $322  |
| Jennifer Maglio| N/A   | $381  |
| Jessica Olins  | $160  | $184  |
| Paralegals     | N/A   | $148  |

The undersigned finds petitioner's requested hourly rates reasonable except for Ms.
Amber Wilson's hourly rate of $308 for her work performed in 2017 and Ms. Danielle Strait's
hourly rates of $320 and $322 for her work performed in 2017 and 2018.   Doc 53, at 7.
McCulloch suggests an hourly rate of $150.00 to $225.00 for attorneys with less than four years
of experience and an hourly rate of $225.00 to $300.00 for attorneys with four to seven years of
experience in the Vaccine Program.   McCulloch, No. 09-293V, 2015 WL 5634323, at *19.[2]
Solomon explains that time spent as a law clerk, even at the Office of Special Masters at the
United States Court of Federal Claims ("OSM"), does not count toward years of experience
determining the individual's appropriate McCulloch range.   Solomon v. Sec'y of HHS, No. 14-
748V (Fed. Cl. Spec. Mstr. Oct. 27, 2016).   Ms. Wilson did not reach the four-year level until
2016.   Although Ms. Wilson has an advanced degree and additional expertise due to her time as
a law clerk at OSM, these factors influence the rate to be awarded within the appropriate range.

---

[2] For attorneys with four to seven years of experience, the reasonable range is $230-307 for 2017 and
$238-317 for 2018.

They do not warrant a move to a higher range.   Since Ms. Strait did not reach her eight-year level until July 2018, she had seven years of experience when she worked on this case.   Ms. Strait's time spent as a law clerk at OSM does not count toward years of experience.   Therefore, in consideration of Ms. Wilson's and Ms. Strait's skills, experience, and quality of work, the undersigned awards Ms. Wilson's hourly rate for her work performed in 2017 at $290 and Ms. Strait's hourly rate for her work performed in 2017 at $307 and work performed in 2018 at $317. Because Ms. Wilson billed 0.2 hours in 2017 and Ms. Strait billed 16.7 hours in 2017 and 9 hours in 2018, **this results in a deduction of $265.70**.

## 2.   Reduction of Billable Hours

### a.   Research

Throughout the billing invoices, petitioner's counsel Ms. Jennifer Maglio and Ms. Jessica Olins billed an excessive amount of time, 32.8 hours, for researching a variety of issues, including case law regarding block billing, research tasks, administrative tasks, and minimum billing increments; ethical rules; "new argument on grammatical construction of statutory provision;" standard of review; Florida Guardianship Law; but-for test; and "legislative history pertaining to financial burdens place on vaccine injured."   Doc 53, at 3-5.   The full amount of this time should not be compensated as "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."   Matthews v. Sec'y of HHS, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).   "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.   If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task."   Carter v. Sec'y of HHS, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Therefore, the undersigned finds the total 32.8 hours of research is not compensable and the nonpayment results in a **deduction of $8,278.90**.

### b.   Excessive Billing

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.   See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).   Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.   See Sabella, 86 Fed. Cl. at 209.

After carefully reviewing the billing records, the undersigned finds that counsel billed for an excessive amount of time to complete various tasks.   For example, Ms. Strait billed a combined 1.6 hours for reviewing and analyzing the undersigned's 10-page Decision on attorneys' fees and costs.   Doc 53, at 3.   The undersigned finds the Decision should not have taken Ms. Strait more than one hour to review and analyze.   Moreover, Ms. Olins billed 1.1

hours for reviewing the same Decision.   Id.   The undersigned will recognize Ms. Strait's time only.   This adjustment results in a **deduction of $360.20**.

Ms. Olins and Ms. Maglio billed a combined 5.2 hours for drafting, reviewing, and revising a memorandum in support of a motion for review.   Id. at 3-4 (entries dated: 12/13/2017 and 1/2/2018).   The undersigned finds a total of four hours for counsel's work on drafting, reviewing, and revising a memorandum reasonable.   This adjustment results in a deduction of **$339.90**.

Ms. Strait billed a combined 21.5 hours for researching/analyzing, drafting, and revising a 25-page motion for review, comprised of 1-page cover letter, 3-page table of authorities, 20-page memorandum, and 1-page signature page.   Id. at 3-5 (entries dated: 12/14/2017; 12/15/2017; 12/21/2017; 12/26/2017; 12/29/2017; 1/2/2018; 1/3/2018; and 1/4/2018).   Ms. Olins billed a total of 18.5 hours for drafting and revising the motion for review.   Id. at 2-3 (entries dated: 12/28/2017; 12/29/2017; 1/2/2018; 1/3/2018; and 1/4/2018).   Ms. Maglio billed a combined 5.5 hours for reviewing and revising the same motion for review.   Id. (entries dated: 1/2/2018; and 1/4/2018).   The undersigned finds the following: (1) it should not take an experienced attorney like Ms. Strait more than twelve hours to draft and revise the motion for review and research cases to insert in it; (2) it should not have taken more than four hours for Ms. Olins to draft and revise the motion for review; and (3) it should not have taken more than 3 hours for Ms. Maglio to review and revise the draft.   This adjustment results in a **deduction of $4,551.18**.[3]

### 3.   Attorneys' Costs

Petitioner seeks payment for costs totaling $1,185.49 which includes two payments to LexisNexis and one payment to Pacer Service Center for legal research.   Doc 53, at 8.   "It is petitioners' burden to substantiate costs expended with supporting documentation such as receipts, invoices, canceled checks, etc."   Ceballos v. Sec'y of HHS, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004).   Petitioner failed to provide receipts for all three items.   Even if petitioner had provided receipts, the undersigned finds the amounts paid for computer legal research unreasonable in this case because the hours counsel billed for legal research are excessive and not compensable.

Thus, the total amount of attorneys' fees for Maglio Christopher & Toale, PA is reduced by $13,795.88 and $10,419.12 is awarded.   The undersigned finds the attorneys' costs not compensable.   Therefore, the total amount paid for attorneys' fees and costs incurred by Maglio Christopher & Toale, PA is **$10,419.12**.

---

[3] Because Ms. Strait and Ms. Olins billed different hourly rates in 2017 and 2018, the undersigned calculated the attorneys' fees proportionally by hours billed.   For example, among her 21.5 hours, Ms. Strait billed 14.6 hours in 2017 which constitutes 68% of the total amount of hours billed and 6.9 hours in 2018 which is 32% of the hours billed.   Therefore, the undersigned compensates 68% of the recognized 12 hours at an hourly rate of $307 and 32% of the recognized 12 hours at an hourly rate of $317.

**CONCLUSION**

Based on the undersigned's experience and review of the billing records submitted by petitioner, **the court awards $10,419.12**, representing attorneys' fees and costs incurred by Maglio Christopher & Toale, PA.   The award shall be in the form of a check made payable jointly to petitioner and Maglio Christopher & Toale, PA in the amount of **$10,419.12**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

Dated: <u>July 5, 2018</u>                                              <u>/s/ Laura D. Millman</u>
                                                                                      Laura D. Millman
                                                                                      Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.